UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RICHARD WAYNE MCELHANEY | ) | |
| | ) | |
|   *a.k.a.* RICKY W. MCELHANEY | ) | |
| | ) | |
| v. | ) | 1:93-cr-146/1:99-cv-226 |
| | ) | *Judge Edgar* |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

## MEMORANDUM

Defendant Richard Wayne McElhaney ("McElhaney"), an inmate incarcerated at FCI-2 Butner, in Butner, North Carolina, has filed a *pro se* motion requesting to reopen his § 2255 proceedings, or in the alternative, he requests the Court to construe his motion as a habeas corpus petition filed pursuant to 28 U.S.C. §2241 (Court File No. 7). The previous § 2255 motion, which he is requesting to reopen, was transferred to the Court of Appeals for the Sixth Circuit as a second § 2255 motion and the Sixth Circuit subsequently denied McElhaney's motion requesting an order authorizing this District Court to consider the successive § 2255 motion (Court File No. 4).

For the reasons explained below, the Court declines McElhaney's invitation to construe the motion as a habeas corpus petition under 28 U.S.C. § 2241 and **TRANSFERS** the § 2255 motion to the Court of Appeals for the Sixth Circuit (Court File No. 7).

**I.  Habeas Corpus Petition § 2241**

McElhaney contends his federal judgment of conviction and sentence should be vacated, set aside, or corrected because he is actually innocent of the Armed Career Offender designation under

1

which he was sentenced (Court File No. 7). McElhaney seeks to invoke the "Savings Clause" of 28 U.S.C. § 2255 and claims he is entitled to seek relief under § 2241 because he is actually innocent and is being subjected to a miscarriage of justice. McElhaney supports his claim of actual innocence with an argument based on two Supreme Court cases (*Chambers v. United States,* 129 S.Ct. 687 (2009) and *Begay v. United States*, 553 U.S. 137 (2008)) which, based on the Court's research, have not been held to be retroactively applicable on collateral review. According to McElhaney, his Armed Career Criminal designation was based on prior crimes which do not constitute crimes of violence, i.e., attempt to commit a felony–burglary; attempt to commit a felony–first degree murder and aggravated assault; attempt to commit a felony–burglary; and attempt to commit a felony–burglary. McElhaney specifically argues that under the reasoning of *Chambers v. United States,* 129 S.Ct. 687 (2009) (failure to report for periodic imprisonment was not a violent crime for purposes of sentencing under Armed Career Criminal Act) and *Begay v. United States*, 553 U.S. 137 (2008) (offense of driving under the influence is not a "violent felony" within meaning of violent felony under Armed Career Criminal Act), at least two of his prior convictions do not qualify as prior crimes of violence under the Armed Career Criminal Act.

Although a § 2241 petition is not a substitute for a § 2255 motion, pursuant to the "savings clause" in 28 U.S.C. § 2255(e) a federal prisoner may bring a claim under § 2241 challenging his conviction or imposition of sentence if it appears that the remedy afforded under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The petitioner must establish that his relief under § 2255 is inadequate or ineffective. *See United States v. Hayman*, 342 U.S. 205, 223 (1952); *Charles v. Chandler*, 180 F.3d at 756; *Willis v. Lamanna*, 187 F.3d 639 (6th Cir. Aug. 12, 1999)

2

(unpublished table decision), *available in* 1999 WL 617974 *2; *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997), *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998), *Triestman v. United States*, 124 F.3d 361, 377-80 (2nd Cir. 1997).

McElhaney's remedy under § 2255 is not rendered inadequate or ineffective simply because this Court has already denied relief to him under § 2255. *See In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997), *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988). The remedy under § 2255 is not rendered inadequate or ineffective because a petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192 n.5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001); *In re Davenport*, 147 F.3d at 608. "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler*, 180 F.3d at 758, *Bradshaw v. Story*, 86 F.3d at 166, *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)(per curiam); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam), *cert. denied*, 377 U.S. 980 (1964).

In federal court McElhaney was convicted of conspiracy to possess and possession of a firearm by a felon. McElhaney cannot raise his claims in a § 2255 motion because the one-year statute of limitations bars his motion. It appears that he is precluded from filing a second or successive motion because he has not presented any newly discovered evidence or asserted a new and retroactive rule of constitutional law that was previously unavailable.

3

The unavailability of § 2255 relief, however, does not by itself establish inadequacy or ineffectiveness under the savings clause. The fact that McElhaney is time-barred from seeking § 2255 relief and the fact that he has previously been denied permission to file a second or successive motion to vacate, *see In re Ricky McElhaney*, No. 98-0541 (6th Cir. Dec. 12, 1998), *In re Ricky McElhaney,* No. 99-5997 (6th Cir. March 8, 2000), does not establish that § 2255 relief is inadequate or ineffective. The Court does not find that McElhaney has provided any newly discovered evidence which establishes his actual innocence.

Consequently, McElhaney has failed to show § 2255 is inadequate or ineffective for his claims. Accordingly, the Court declines McElhaney's invitation to construe this § 2255 motion as a § 2241 petition challenging his federal convictions and sentence.

**II.      Successive § 2255 Motion**

McElhaney also relies upon *Chambers* and *Begay* to support his contention that his judgment of conviction and sentence should be vacated, set aside, or corrected under § 2255 because he is actually innocent of being an armed career criminal as that designation was based upon prior crimes that do not constitute crimes of violence.

On December 1, 1997, McElhaney filed a § 2255 motion attacking the same conviction. The previous motion was denied by this Court on December 19, 1997, finding the § 2255 motion was time-barred. *United States v. McElhaney,* Civil Action No. 1:97-cv-595 (E.D. Tenn. 1997).

On June 28, 1999, McElhaney filed a second § 2255 motion attacking the same conviction. The District Court transferred the motion to the Sixth Circuit for an order authorizing it to consider the motion (Court File No. 3). The Sixth Circuit denied McElhaney's motion for an order

4

authorizing the district court to consider a successive § 2255 motion (Court File No. 4).

Presently before the Court is McElhaney's third § 2255 motion. In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," effective April 24, 1996, McElhaney cannot file a second or successive § 2255 motion in the District Court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the District Court to consider the motion. This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending motion.

Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *See Sims v. Terbush,* 111 F.3d 45, 47 (6th Cir. 1997).

SO ORDERED.

ENTER this the 23rd day of February, 2011.

                                */s/ R. Allan Edgar*
                                R. ALLAN EDGAR
                        UNITED STATES DISTRICT JUDGE